Jonathan Shub (CA Bar No. 237708)
Kevin Laukaitis
**SHUB LAW FIRM LLC**
134 Kings Highway East, 2nd Floor
Haddonfield, NJ 08033
Tel: 856-772-7200
jshub@shublawyers.com
klaukaitis@shublawyers.com

*Attorneys for Plaintiffs and the Proposed Class*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANKUSH PURI, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, by attorneys, alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.     Costco Wholesale Corporation ("defendant") manufactures, distributes, markets, labels and sells ice cream bars purported to be dipped in chocolate and almonds, under the Kirkland Signature brand ("Product").

2.     The Product is available to consumers from defendant's retail stores and is sold in boxes of 18 bars (55.8 OZ).

3.     The relevant representations include "Kirkland Signature," "Ice Cream Bars," "Chocolate Almond Dipped Vanilla," a picture of the product and pieces of chocolate, vanilla beans, a vanilla flower and whole almonds:



4.     The unqualified, prominent and conspicuous front label representations of the chunks of chocolate, the chocolate almond coating of the Product and the statement "Chocolate

CLASS ACTION COMPLAINT

1

Almond Dipped" are false, deceptive and misleading because the "chocolate" consists <u>mainly</u> of ingredients consumers do not expect in chocolate – vegetable oils.

5.      Chocolate is made from cacao beans, which are not consumed by themselves – they are subject to fermentation, drying and roasting, which produces cacao nibs.

6.      The nibs are then ground to produce cocoa mass or chocolate liquor, which is separated into components of cocoa solids and cocoa butter.

7.      Consumers want chocolate in chocolate products to come from a real source, i.e., from cacao beans.

8.      Chocolate provides greater satiety and a creamy and smooth mouthfeel compared to other ingredients which substitute for chocolate, like vegetable oils.

9.      Vegetable oils provide less satiety than chocolate, a waxy and oily mouthfeel and leave an aftertaste.

10.      Cocoa butter makes up about one-fourth of chocolate but costs more than three times as much as vegetable oil.

11.      However, the taste is not the same since even a small amount of vegetable oil changes the mouthfeel from creamy and smooth to waxy and oily.

12.      These sensations are the opposite of what consumers associate chocolate's taste with.

13.      Numerous studies have indicated that chocolate may be beneficial to the heart and arteries because of flavonoids, plant compounds from the cacao bean that contain antioxidants.

14.      These flavonoids are activated when the cacao bean is transformed into cocoa butter.

15.      Additionally, cocoa butter does not raise cholesterol or have any artery-clogging

CLASS ACTION COMPLAINT

trans-fats which are present in vegetable oils

16.    Though cocoa butter and vegetable oils both contain fat, the fat in cocoa butter is unsaturated and relatively healthy for the heart, in contrast to saturated fats in vegetable oils.

17.    Consumption of vegetable oil is known to result in numerous health problems, like increased chances of heart disease.

18.    Cocoa butter contains antioxidant and its consumption in chocolate does not raise the levels of cholesterol the way vegetable oils do.

19.    In a chocolate compound, chocolate liquor is replaced with cocoa powder, and cocoa butter with vegetable oil.

20.    From the time chocolate was first made, companies have adulterated chocolate products with synthetics and substitutes such as cheaper, lower quality vegetable oils.

21.    According to "Adulteration – The Dark World of 'Dirty' Chocolate," "mixing unnatural ingredients with chocolate – with the intent of extending the quantity of raw product and defrauding customers – has a long history."[1]

22.    As a valuable food, chocolate has always been vulnerable to being "extended" with lower quality components.

23.    Since consumers were constantly being misled by chocolate products that contained little actual chocolate, Congress directed the Food and Drug Administration ("FDA") to establish standards and rules to combat the marketing of foods from which traditional constituents are removed or new or different (often cheaper and artificial) ingredients are substituted.

---

[1] Chapter 47 in Chocolate – History, Culture, Heritage.

CLASS ACTION COMPLAINT

24.    Chocolate was one of these foods, and the standards effectively stopped companies from substituting lower quality, cheaper ingredients like vegetable oils for chocolate ingredients. *See* 21 C.F.R. § 163.123 (Sweet chocolate.), 21 C.F.R. § 163.124 (White chocolate), 21 C.F.R. § 163.130 ("milk chocolate"); 21 C.F.R. § 163.135 (Buttermilk chocolate.)

25.    For example, the optional ingredients in milk chocolate include cacao fat, nutritive carbohydrate sweeteners, spices, natural and artificial flavorings, dairy ingredients and emulsifying agents but not vegetable oils. 21 C.F.R. § 163.124(b).

26.    These requirements prevented foods from being labeled with the unqualified designation of "chocolate" if their main ingredients were anything other than chocolate liquor and cocoa butter.

27.    The chocolate standards have been in place for over fifty (50) years, and companies' adherence to these regulations have benefitted consumers who otherwise would not be able to rely on a product's representations.

28.    These regulations effectively established custom and practice so that consumers' experience with that custom and practice primes them to infer from a product's labeling whether a product contains chocolate or is a chocolate mixture (compound) which contains vegetable oils.

29.    Over ten years ago in response to a proposal to modify the chocolate standards to allow vegetable oils, industry leader Mars Wrigley was adamant in its opposition, because it recognized what consumers wanted:

CLASS ACTION COMPLAINT

> At Mars, the consumer is our boss, and American consumers are passionate about chocolate. They don't want anyone to change the chocolate they've enjoyed for generations…As a privately held company, we have the freedom to invest in the highest quality chocolate and deliver what consumers want.[2]

30.     This opinion is consistent with a consumer survey of over four hundred Americans across demographic groups, in which more than two-thirds of respondents who viewed Defendant's front label – chocolate pieces, chocolate almond coating and the term "Chocolate Almond Dipped" – expected the Product would only contain chocolate and not contain any vegetable oils.

31.     These consumers will not feel they need to double check the ingredient list because the lack of any front label qualifying terms gives them the impression that the Product's coating is a traditional chocolate coating.

32.     However, the front label representations of solid chunks of chocolate, a chocolate covered ice cream bar and the words "Chocolate Almond Dipped," are very misleading and at best, a "half-truth," because the chocolate part of the Product contains ingredients not found in real chocolate – "Coconut Oil" and "Soybean Oil.":

---

[2] Mars US Announces Support for Current Chocolate Standard of Identity, Press Release, September 17, 2007.

CLASS ACTION COMPLAINT

5

**INGREDIENTS:**

**ICE CREAM:** Cream, Milk, Nonfat Milk, Sugar, Egg Yolk, Vanilla Extract.

**MILK CHOCOLATE FLAVORED COATING WITH ALMONDS:** Coating (Sugar, Coconut Oil, Nonfat Dry Milk, Unsweetened Chocolate, Soybean Oil, Unsweetened Chocolate Processed With Alkali, Soy Lecithin), Roasted Almonds (Almonds, Cottonseed Oil).

CLASS ACTION COMPLAINT

33.    In fact, the Product has *more* vegetable oil than chocolate, based on the listing of ingredients in descending order of predominance by weight on the ingredient list.

34.    That the Product contains more coconut oil is evident because it is the second most predominant ingredient, ahead of "unsweetened chocolate," the fourth most predominant.

35.    The Product contains more soybean oil, the fifth most predominant ingredient, than "unsweetened chocolate processed with alkali," the sixth most predominant, meaning there is more soybean oil than the second chocolate ingredient.

36.    The combined total of coconut oil and soybean oil exceeds the amount of the two chocolate ingredients.

37.    The Product's ingredient list misidentifies the sixth ingredient, "unsweetened chocolate processed with alkali."

38.    While chocolate may be processed with alkali, it is likely that this ingredient actually refers to unsweetened cocoa that is processed with alkali.

39.    This means that amount of vegetable oil exceeds the amount of chocolate by an even greater amount.

40.    When compound chocolate, as here, is used, the two main ingredients found in real chocolate are substituted – chocolate liquor with cocoa powder and cocoa butter with vegetable oil.

41.    Though the ingredient list describes the Product as consisting of a "Milk Chocolate Flavored Coating With Almonds," this is not stated on the front label where consumers are primed to take note of this.

42.    In fact, the average consumer spends fifteen seconds deciding to purchase a specific product, which is why the front label is the most significant place to tell consumers what they

CLASS ACTION COMPLAINT

7

are buying.

43.     Moreover, even the name Defendant ascribes to the Product's coating of "Milk Chocolate Flavored Coating With Almonds," is false, misleading and inaccurate.

44.     Calling a product "chocolate flavored" is in error where such a product contains some chocolate, as the Product does here.

45.     The name of "chocolate flavored" is appropriate where consumers do not expect a product to contain a real chocolate ingredient and where the food is flavored with cocoa.

46.     For instance, chocolate pudding will not have chocolate, because consumers have long recognized this is a product with a chocolate flavor.

47.     However, a chocolate bar is expected to be made from chocolate and cannot be made from cocoa without being labeled as a " chocolate flavored" or "chocolate flavored" candy.

48.     Defendant's Product's coating purports to be made from chocolate and only chocolate, so describing it as "milk chocolate flavored" is incorrect but especially misleading.

49.     It is misleading because "milk chocolate flavored" omits that it contains *more* vegetable oils than chocolate ingredients.

50.     The Product's coating should be identified as "milk chocolate and vegetable oil coating" on the front label and ingredient list, which would tell consumers what they are buying. *See* 21 C.F.R. § 163.155(c) ("Alternatively, the common or usual name of the vegetable derived fat ingredient may be used in the name of the food, e.g., "milk chocolate and ___ oil coating", the blank being filled in with the common or usual name of the specific vegetable fat used.").

51.     Consumers do not expect to have to resort to the fine print on a product's ingredient list to find information they are accustomed to seeing on the front label.

52.     Defendant's branding and packaging of the Product is designed to – and does –

CLASS ACTION COMPLAINT

deceive, mislead, and defraud plaintiff and consumers.

53.     Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

54.     The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

55.     Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

56.     As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $10.99 per box of 18 bars, excluding tax, compared to other similar products represented in a non-misleading way.

57.     Plaintiff seeks damages and an injunction to stop Defendant's false and misleading marketing practices with regards to the Product.

## JURISDICTION AND VENUE

58.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

59.     Under CAFA, district courts have original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity.

60.     Plaintiff seeks to represent a class of citizens of California. Diversity is established because under CAFA, members of the proposed class are citizens of California, which is a different state than defendant, Washington. 28 U.S.C. § 1332(d)(2)(A).

61.     Defendant Costco Wholesale Corporation is a Washington corporation with a

CLASS ACTION COMPLAINT

principal place of business in Issaquah, King County, Washington and is a citizen of Washington.

62.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within California.

63.    Venue is proper in this judicial district because plaintiff Rhoden (1) purchased the Product, (2) resides in this district, and (3) became aware of the events or omissions giving rise to the claims in this district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

64.    Plaintiff is a resident of the County of Santa Clara, California.

65.    Defendant Costco Wholesale Corporation is a Washington corporation with a principal place of business in Issaquah, Washington, King County.

66.    During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal consumption and/or use in reliance on the representations the Product contained chocolate, understood to specifically exclude vegetable oils and vegetable fats.

67.    Plaintiff bought the Product multiple times over the past three years because she liked the product type for its intended use and expected the coating to contain and be made with only chocolate and not substitute or lower quality ingredients, *viz*, vegetable oils.

68.    Plaintiff's purchases are recorded in Defendant's database.

69.    Plaintiff would buy the Product again if assured it only contained a chocolate coating.

## INTRADISTRICT ASSIGNMENT

70.    Pursuant to Civil Local Rule 3-2(c-d), a substantial part of the events giving rise to

CLASS ACTION COMPLAINT

the claims herein arose in Santa Clara County, California, and this action should be assigned to the San Jose Division.

## CLASS ACTION ALLEGATIONS

71.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

72.     The class that Plaintiff seeks to represent (the "Class") is composed of and defined as follows:

73.     All persons residing in California who have purchased the Product for their own use (which includes feeding their families), and not for resale during the applicable statute of limitations period. Excluded from the Class are: governmental entities; Defendant; any entity in which Defendant has a controlling interest; Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns; and, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

74.     For the purposes of this Complaint, the term "Class Members" refers to all members of the Class, including the Plaintiff.

75.     Plaintiff reserves the right to redefine the Class, and/or requests for relief.

76.     This action is maintainable as a class action under Federal Rules of Civil Procedure Rule 23(a), and (b)(2) and (b)(3).

77.     Numerosity. The Class consists of thousands of persons throughout the State of California. The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action will benefit the parties and the Court.

78.     Commonality and Predominance. The questions of law and fact common to the

CLASS ACTION COMPLAINT

Class have the capacity to generate common answers that will drive resolution of this action. They predominate over any questions affecting only individual class members. Common questions of law and fact include, but are not limited to, the following:

79.     Whether Defendant contributed to, committed, or is responsible for the conduct alleged herein;

80.     Whether Defendant's conduct constitutes the violations of law alleged herein;

81.     Whether Defendant acted willfully, recklessly, negligently, or with gross negligence in the violations of laws alleged herein;

82.     Whether Class Members are entitled to injunctive relief; and

83.     Whether Class Members are entitled to restitution and damages.

84.     By seeing the name, labeling, display and marketing of the Product, and by purchasing the Product, all Class Members were subject to the same wrongful conduct.

85.     Absent Defendant's material deceptions, misstatements and omissions, Plaintiff and other Class members would not have purchased the Product.

86.     Typicality. Plaintiff's claims are typical of the claims of the Class, respectively, because she purchased the Product and was injured thereby. The claims of Plaintiff and other Class Members are based on the same legal theories and arise from the same false, misleading and unlawful conduct.

87.     Adequacy. Plaintiff is an adequate representative of the Class because her interests do not conflict with those of other Class Members. Each Class Member is entitled to damages reflecting a similar and discrete purchase or purchases that each Class Member made. Plaintiff has retained competent and experienced class action counsel, who intend to prosecute this action vigorously. The Class Members' interests will be fairly and adequately protected by Plaintiff and

CLASS ACTION COMPLAINT

12

her counsel.

88.   Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because joinder of all Class Members is impracticable. The amount at stake for each consumer, while significant, is such that individual litigation would be inefficient and cost-prohibitive. Plaintiff anticipates no difficulty in the management of this action as a class action.

89.   This Court should certify a class under Rule 23(b)(2) and (b)(3) because Defendant has acted or refused to act on grounds that apply generally to the Class, by making illegal, unfair, misleading and deceptive representations and omissions regarding the Product.

90.   Notice to the Class. Plaintiff anticipates that this Court can direct notice to the Class, to be effectuated by publication in major media outlets and the Internet.

## FIRST CLAIM
## (ON BEHALF OF THE CALIFORNIA CLASS)
### (Violation of California Business & Professions Code §§ 17200 *et seq.* – Unlawful conduct Prong of the UCL)

91.   Plaintiff incorporates by reference all allegations contained in the complaint as if fully set forth herein. California Business & Professions Code section 17200 ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."

92.   The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant, as alleged herein, constitute "unlawful" business acts and practices in that they violate the Federal Food, Drug, and Cosmetic Act ("FFDCA") and its implementing regulations, including, at least, the following sections:

   i.   21 U.S.C. § 343, which deems food misbranded when the label contains a statement that is "false or misleading in any particular," with "misleading" defined to "take[] into account (among other things) not only

CLASS ACTION COMPLAINT

13

representations made or suggested by statement, word, design, device, or any combination thereof, but also the extent to which the labeling or advertising fails to reveal facts material";

ii. 21 U.S.C. § 321(n), which states the nature of a false and misleading advertisement;

iii. 21 C.F.R. § 101.18(b), which prohibits true statements about ingredients that are misleading in light of the presence of other ingredients;

iv. 21 C.F.R § 101.22(i), which sets forth a framework to truthfully identify the source of a product's flavor; and

v. 21 C.F.R. § 102.5 which prohibits misleading common or usual names.

93.     Defendant's conduct is further "unlawful" because it violates the California False Advertising Law ("FAL") and the Consumer Legal Remedies Act ("CLRA"), as discussed in the claims below.

94.     Defendant's conduct also violates the California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Saf. Code section 109875, et seq. ("Sherman Law"), including, at least, the following sections:

i. Section 110100 (adopting all FDA regulations as state regulations);

ii. Section 110290 ("In determining whether the labeling or advertisement of a food … is misleading, all representations made or suggested by statement, word, design, device, sound, or any combination of these, shall be taken into account. The extent that the labeling or advertising fails to reveal facts concerning the food … or consequences of customary use of the food … shall also be considered.");

iii.   Section 110390 ("It is unlawful for any person to disseminate any false advertisement of any food…. An advertisement is false if it is false or misleading in any particular.");

iv.   Section 110395 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food … that is falsely advertised.");

v.   Section 110398 ("It is unlawful for any person to advertise any food, drug, device or cosmetic that is adulterated or misbranded.");

vi.   Section 110400 ("It is unlawful for any person to receive in commerce any food … that is falsely advertised or to deliver or proffer for delivery any such food….");  and

vii.   Section 110660 ("Any food is misbranded if its labeling is false or misleading in any particular.").

95.   Each of the challenged statements made and actions taken by Defendant violates to FFDCA, the CLRA, the FAL, and the Sherman Law, and therefore violates the "unlawful" prong of the UCL.

96.   Defendant leveraged its deception to induce Plaintiff and members of the Class to purchase products that were of lesser value and quality than advertised. Defendant's deceptive advertising caused Plaintiff and members of the Class to suffer injury in fact and to lose money or property, as it denied them the benefit of the bargain when they decided to purchase the Product over other products that are less expensive, and contain virtually the same or immaterially different amounts of cocoa and chocolate.

97.   Had Plaintiff and the members of the Class been aware of Defendant's false and misleading advertising tactics, they would not have purchased the product at all or would have

CLASS ACTION COMPLAINT

paid less than what they did for it.

98.    In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

99.    Plaintiff also seeks an order for the disgorgement and restitution of all monies from the sale of the Product that was unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

**SECOND CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**(Violation of California Business & Professions Code §§ 17200, *et seq.* –**
**Unfair and Fraudulent Conduct Prong of the UCL)**

100.    Plaintiff incorporates by reference all of the allegations of the preceding paragraphs as if fully set forth herein.

101.    California Business & Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

102.    The false and misleading labeling of the Product, as alleged herein, constitutes "unfair" business acts and practices because such conduct is immoral, unscrupulous, and offends public policy.  Further, the gravity of Defendant's conduct outweighs any conceivable benefit of such conduct.

103.    The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "fraudulent" business acts and practices, because Defendant's conduct is false and misleading to Plaintiff and members of the Class.

104.    Defendant's labeling and marketing of the Product is likely to deceive Class Members about the flavoring source and amount of chocolate in the Product.

CLASS ACTION COMPLAINT

105.  Defendant either knew or reasonably should have known that the claims and statements on the labels of the Product were likely to deceive consumers.

106.  In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

107.  Plaintiff also seeks an order for the disgorgement and restitution of all monies from the sale of the Product that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

**THIRD CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**(Violation of California Business & Professions Code §§ 17500, *et seq.* –**
**False and Misleading Advertising)**

108.  Plaintiff incorporates by reference all allegations contained in the complaint as if fully set forth herein.

109.  California False Advertising Law (Cal. Business & Professions Code sections 17500 and 17508) prohibits "mak[ing] any false or misleading advertising claim."

110.  As alleged herein, Defendant, in its labeling of the Product, makes "false [and] misleading advertising claim[s]," as it deceives consumers as to the flavor composition and amount of chocolate in the Product.

111.  In reliance on these false and misleading advertising claims, Plaintiff and members of the Class purchased and consumed, and used the Product without the knowledge that the Product contained artificial flavoring.

112.  Defendant knew or should have known that its labeling and marketing was likely to deceive consumers.

113.  As a result, Plaintiff and the Class are entitled to injunctive and equitable relief,

CLASS ACTION COMPLAINT

17

restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

**FOURTH CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**(Violation of Cal. Civ. Code § 1750 *et seq.* –**
**California's Consumer Legal Remedies Act "CLRA")**

114.  Plaintiff incorporates by reference all of the allegations of the preceding paragraphs as if fully set forth herein.

115.  Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant.

116.  The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

117.  Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Product for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

  i. § 1770(a)(2), which prohibits representing that good have a particular composition or contents that they do not have;

 a. § 1770(a)(5): which prohibits representing that goods have characteristics, uses, or benefits which they do not have;

 b. 1770(a)(7): which prohibits representing that goods are of a particular standard, quality, or grade if they are of another;

 c. § 1770(a)(9): which prohibits advertising goods with intent not to sell them as advertised; and

CLASS ACTION COMPLAINT

d.   § 1770(a)(16): which prohibits representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

118.   Plaintiff requests that this Court enjoin the Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code § 1780.

119.   If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

120.   Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff will provide a letter to Defendant concurrently with the filing of this Class Action Complaint or shortly thereafter with notice of its alleged violations of the CLRA, demanding that Defendant correct such violations, and providing them with the opportunity to correct their business practices. If Defendant does not thereafter correct its business practices, Plaintiff will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

121.   Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief, her reasonable attorney fees and costs, and any other relief that the Court deems proper.

**FIFTH CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**Breach of Express Warranties**
**Cal. Com. Code § 2313(1)**

124.   Plaintiff incorporates by reference all of the allegations of the preceding paragraphs as if fully set forth herein.

125.   Through the Product's label and advertising, Defendant made affirmations of fact or promises, or description of goods, described above, which were "part of the basis of the bargain," in that Plaintiff and the Class purchased the Product in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

CLASS ACTION COMPLAINT

126.   Defendant breached the express warranties by selling a Product that does not and cannot provide the promised benefits and moreover by selling a Product that is misleading and cannot provide the promised benefits of "milk chocolate flavored" and "Chocolate Almond Dipped" coming from a real source, i.e., from cacao beans.

127.   Plaintiff and the Class Members would not have purchased the Product had they known the true nature of the Product's ingredients and that the Product is misleading and that the chocolate does not come from a real source, i.e., from cacao beans.

128.   That breach actually and proximately caused injury in the form of the lost purchase price that Plaintiff and Class members paid for the Product.

129.   Concurrently, with the filing of this Complaint, Plaintiff mailed a notice letter to Defendant. The letter was sent on behalf of Plaintiff and all other persons similarly situated.

130.   As a result of Defendant's breach of warranty, Plaintiff and Class Members have been damaged in the amount of the purchase price of the Product and any consequential damages resulting from the purchases.

**SIXTH CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**Breach of Implied Warranty of Merchantability**
**Cal. Com. Code § 2314**

133.   Plaintiff incorporates by reference all of the allegations of the preceding paragraphs as if fully set forth herein.

134.   Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Product, made representations to Plaintiff and the Class that, among other things, that the Product contains chocolate from a real source, i.e., from cacao beans.

135.   Plaintiff and the Class bought the Product manufactured, advertised, and sold by Defendant, as described herein.

CLASS ACTION COMPLAINT

136.   Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

137.   However, Defendant breached that implied warranty in that the Product provides no benefits, as set forth in detail herein, and does not contain chocolate that comes from a real source, i.e., from cacao beans.

138.   As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to promises and affirmations made on the box or label of the goods nor are they fit for their ordinary purpose of providing the ingredients as promised.

139.   Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Product's purchase price.

140.   Concurrently with the filing of this Complaint, Plaintiff mailed a notice letter to Defendant. The letter was sent on behalf of Plaintiff and all other persons similarly situated.

## SEVENTH CLAIM
### (ON BEHALF OF THE CALIFORNIA CLASS)
**Breaches of Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.**

133.   Plaintiff incorporates by reference all of the allegations of the preceding paragraphs as if fully set forth herein.

134.   The Product was manufactured, labeled and sold by Defendant or at its express directions and instructions, and warranted to Plaintiff and Class members that it possessed substantive, quality, organoleptic, and/or compositional attributes it did not.

135.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

CLASS ACTION COMPLAINT

136.   This duty is based, in part, on Defendant's position as one of the most recognized companies in the nation in this sector.

137.   Concurrently with the filing of this Complaint, Plaintiff mailed a notice letter to Defendant. The letter was sent on behalf of Plaintiff and all other persons similarly situated.

138.   The Product did not conform to its affirmations of fact and promises due to Defendant's actions and was not merchantable.

139.   Plaintiff and Class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

**EIGHTH CLAIM**
**(ON BEHALF OF THE CLASS)**
**Fraud**

140.   Plaintiff incorporates by reference all preceding paragraphs.

141.   Defendant misrepresented the substantive, quality, compositional and/or health-related attributes of the Product.

142.   The presence of chocolate – understood as excluding vegetable oils and vegetable fats – has a material bearing on price or consumer acceptance of the Product because chocolate provides greater satiety and a creamy and smooth mouthfeel compared to vegetable oils, which provide less satiety, a waxy and oily mouthfeel and leave an aftertaste.

143.   The amount and proportion of the characterizing component, chocolate coating, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

144.   Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and mislead consumers.

CLASS ACTION COMPLAINT

145.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

146.    Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front labels, when it knew its statements were neither true nor accurate.

147.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## NINTH CLAIM
## (ON BEHALF OF THE CLASS)
### Unjust Enrichment

148.    Plaintiff incorporates by reference all preceding paragraphs.

149.    Plaintiff and putative Class Members conferred a benefit on Defendant when they purchased the Product. By its wrongful acts and omissions described herein, including misrepresenting the amount and proportion of the characterizing component, chocolate, in the Product, and selling the misrepresented Product that did not otherwise perform as represented and for the particular purpose for which it was intended, Defendant was unjustly enriched at the expense of Plaintiff and putative Class Members.

150.    Plaintiff's detriment and Defendant's enrichment were related to and flowed from the wrongful conduct challenged in this Complaint.

151.    Defendant has profited from its unlawful, unfair, misleading and deceptive practices at the expense of Plaintiff and putative Class Members under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit. It would be inequitable for Defendant to retain the profits, benefits, and other compensation obtained from its wrongful conduct as described herein in connection with selling the Products.

152.    Defendant has been unjustly enriched in retaining the revenues derived from Class

CLASS ACTION COMPLAINT

23

Members' purchases of the Products, which retention of such revenues under these circumstances is unjust and inequitable because Defendant manufactured, sold, misrepresented the nature of the Product, misrepresented its ingredients, and knowingly marketed and promoted a Product with a false, misleading, and deceptive Product label, which caused injuries to Plaintiff and the putative Class Members because they would not have purchased the Product based on the same representations if the true facts concerning the Product has been known.

153.    Plaintiff and putative Class Members have been damaged as a direct and proximate result of Defendant's unjust enrichment because they would not have purchased the Products on the same terms or for the same price had they known the true nature of the Products and the mis-statements regarding what the Products were and what they contained.

154.    Defendant either knew or should have known that payments rendered by Plaintiff and putative Class Members were given and received with the expectation that the Product actually contained chocolate as represented by Defendant in advertising and on the Product's labels and packaging. It is inequitable for Defendant to retain the benefit of payments under these circumstances.

155.    Plaintiff and putative Class Members are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant.

156.    When required, Plaintiff and putative Class Members are in privity with Defendant because Defendant's sale of the Products was either direct or through unauthorized sellers. Purchase through authorized sellers is sufficient to create such privity because such authorized sellers are Defendant's agents for the purpose of the sale of the Product.

157.    As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiff and putative Class Members are entitled to restitution of, disgorgement of,

CLASS ACTION COMPLAINT

and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant for their inequitable and unlawful conduct.

## JURY DEMAND AND PRAYER FOR RELIEF

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the proposed Calss herein, prays for judgment and relief on all of the legal claims as follows:

1.    Certification of the Class, certifying Plaintiff as representative of the Class, and designating the undersigned as counsel for the class;

2.    A declaration that Defendant has committed the violations alleged herein;

3.    For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§, *et seq.* and Cal Civ. Code § 1780, except for monetary damages under the CLRA;

4.    For declaratory and injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*;

5.    For damages, declaratory and injunctive relief pursuant to California Civil Code § 1780, except for monetary damages under the CLRA;

6.    An award of compensatory damages, the amount of which is to be determined at trial; except for monetary damages under the CLRA;

7.    For punitive damages;

8.    For interest at the legal rate on the foregoing sums;

9.    For attorneys' fees;

10.   For costs of suit incurred; and

11.   For such further relief as this Court may deem just and proper.

CLASS ACTION COMPLAINT

Dated:    February 18, 2021

Respectfully submitted,

*/s/ Jonathan Shub*
Jonathan Shub
Kevin Laukaitis
**SHUB LAW FIRM LLC**
134 Kings Hwy E, 2nd Fl
Haddonfield, NJ 08033
T: (856) 772-7200
jshub@shublawyers.com
klaukaitis@shublawyers.com

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan*
spencer@spencersheehan.com
60 Cuttermill Rd Ste 409
Great Neck, NY 11021
Telephone:  (516) 268-7080
Facsimile:   (516) 234-7800

**GREG COLEMAN LAW PC**
Alex Straus (State Bar No. 321366)
*alex@gregcolemanlaw.com*
16748 McCormick Street
Los Angeles, CA 91436
Telephone: (310) 450-9689
Facsimile: (310) 496-3176

**Pro Hac Vice* Admission or
Application filed or forthcoming

*Counsel for Plaintiff and the
Proposed Class*

CLASS ACTION COMPLAINT

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Jonathan Shub, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am an attorney at Shub Law Firm LLC, counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2. The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Northern District of California. I declare under the penalty of perjury under the laws of the State of New Jersey and/or California and the United States that the foregoing is true and correct and that this declaration was executed in Haddonfield, New Jersey this 18th day of February 2021.

*/s/ Jonathan Shub*
Jonathan Shub

CLASS ACTION COMPLAINT

27